Calvin J. Stacey
Morgan M. Sorena
STACEY & FUNYAK
The Grand Building, Suite 700
100 North 27th Street
P.O. Box 1139
Billings, MT 59103-1139
Phone: (406) 259-4545
cstacey@staceyfunyak.com
msorena@staceyfunyak.com

ATTORNEYS FOR DEFENDANT BLACK KNIGHT SECURITY & INVESTIGATIONS, LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| SHAWN S. MCKENZIE, <br><br> Plaintiff, <br> v. <br><br> POVERELLO CENTER, INC., ET. AL. <br><br> Defendants. | Case No.: CV-25-97-KLD <br><br> **DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendant Black Knight Securities & Investigations, LLC ("Defendant") respectfully submits this Brief in Support of Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).

## I. INTRODUCTION

Defendant Black Knight is a private LLC and not a state actor – yet Plaintiff has brought claims against Black Knight for violations of his Second, Fourth, and Fourteenth Amendment rights. In light of this, Plaintiff's claims all fail as a matter

of law and should be dismissed pursuant to Fed. R. Civ. P. 12(c). Additionally, even if Black Knight was a state actor – which it is not – there are no allegations against Black Knight in the Complaint that sufficiently state any cause of action as alleged by Plaintiff. Plaintiff has alleged that Black Knight exists, that it enforces a "no firearms" policy at the Poverello Center generally, and that one time in March 2025 Black Knight employees asked to search his locker at the Poverello Center and then left when he said no. Even if Black Knight was a state actor, which again it is not, these allegations fail to state a claim upon which relief can be granted pursuant to the Second, Fourth, and Fourteenth Amendments. In light of this, Defendant respectfully requests this Court dismiss the claims against Black Knight.

## II.  FACTUAL ALLEGATIONS

Although Defendant disputes the allegations made by Plaintiff, Defendant incorporates by this reference the factual allegations made by Plaintiff in his Complaint and recited by the City of Missoula's Brief in Support of Motion to Dismiss (Doc. 18) and the Poverello Center Defendants' Brief in Support of Motion to Dismiss (Doc. 34). Pertinent to this Motion, Plaintiff has alleged that Black Knight Securities, LLC which has been sued in its official capacity (Doc. 1, ¶ 7) violated Plaintiff's rights and has brought the following causes of action against it: Second Amendment Violation, Fourth Amendment Violation, Procedural Due

Process Violation, *Monell* Liability, and Equal Protection Violation. (Doc. 1, Sections VII).

In his Factual Background section of his Complaint, Plaintiff makes only two allegations against Black Knight: (1) that Black Knight enforces a "no firearms" policy at the Poverello Center (Doc. 1, ¶ 24) and (2) Black Knight employees asked to search his locker at the Poverello Center on March 14, 2025 but he objected and the Black Knight employees left. (Doc. 1, ¶¶ 28, 29). There are no other factual allegations against Black Knight.

## III.  LEGAL STANDARD

Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 12(c). Allegations of fact by the party opposing the motion are accepted as true and are construed in the light most favorable to that party. *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church,* 887 F.2d 228, 230 (9th Cir. 1989). However, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). The analysis of a Rule 12(c) motion is similar to that of a Rule 12(b)(6) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–55 (9th Cir. 2011). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F. 3d 1202, 1216 (9th Cir. 2011).

IV.   ARGUMENT

Black Knight is a private, domestic limited liability company. Although Plaintiff only alleges in his Complaint that Black Kinight is a contract security provider sued in its official capacity, Defendant requests the Court take judicial notice of the Montana Secretary of State public records relevant to Black Knight that support this fact. As has already been briefed by other parties in this matter, in considering a 12(b)(6) motion to dismiss or a 12(c) motion, courts may take judicial notice of certain materials not attached to or referenced in the complaint without converting the motion to dismiss into a motion for summary judgment. *See Heliotrope Gen., Inc. v. Ford Motor Co.,* 189 F.3d 971, 981 n.18 (9th Cir. 1999) (citation omitted); *see also Hebert Abstract Co. v. Touchstone Props., Ltd*., 914 F.2d 74, 76 (5th Cir. 1990) (a Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by

looking to the substance of the pleadings and any judicially noticed facts"). Black Knight's filings clearly demonstrate that Black Knight is a private, domestic liability company. *See* Exhibit A, Black Knight's 2025 Annual Report.

It is undisputed that Black Knight is a private, domestic liability company and is not subject to the Constitution's constrains absent exceptional circumstances that make them a "state actor". Plaintiff has failed to assert any facts that could show exceptional circumstances exist here to establish Black Knight is a "state actor." In order for Plaintiff to demonstrate that Black Knight qualifies as a "state actor" for constitutional purposes, Plaintiff must satisfy two steps. First, "some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible" must have caused Black Knight's alleged constitutional violations. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). The deprivation "must result from a governmental policy." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). Second, Plaintiff must demonstrate that Black Knight "may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937. Plaintiff has failed to state any facts sufficient to satisfy either of these two steps and thus his claims against Black Knight must be dismissed.

Plaintiff has alleged only two facts regarding Black Knight: (1) that Black Knight enforces a "no firearms" policy at the Poverello Center (Doc. 1, ¶ 24) and (2) Black Knight employees asked to search his locker at the Poverello Center on

March 14, 2025 but he objected and the Black Knight employees left. Plaintiff fails to allege or provide any facts sufficient to state that there was any state-created right exercised by Black Knight or that Black Knight enforced a state-imposed rule. Plaintiff alleges Black Knight enforced a "no firearms" policy at the Poverello Center. No facts are alleged that would show this policy is somehow derived from a state or government right. Therefore the first step of the *Lugar* analysis fails. Plaintiff also fails to meet the second step of the *Lugar* analysis because based on the two allegations in the Complaint against Black Knight, Black Knight cannot fairly be said to be a state actor. *Lugar*, 457 U.S. at 937. In *Lugar*, the Court outlined four tests to determine whether a private entity can be treated as a "state actor" under the law: (1) the public function test; (2) the state compulsion test; (3) the nexus test; and (4) the joint action test. Plaintiff's allegations in the Complaint do not present facial plausibility that Black Knight satisfies any of these tests.

1. **The Public Function Test**

Under the "public function" test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations. *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003) (quoting *Lee v. Katz*, 276 F.3d 550, 554-55 (9th Cir. 2002)). The central question is whether the function performed has been "traditionally the exclusive prerogative of the State." *Rendell-Baker v.*

*Kohn*, 457 U.S. 830, 842 (1982) (emphasis in original) (quoting *Jackson v. Metropolitan Edison Co.*, 419 US. 345 (1974). The Supreme Court has stressed the "very few" functions fall into this category. *See Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 810 (2019). Plaintiff makes a conclusory allegation in his Complaint, that "Shelter services are traditional government functions." This is not only false but Plaintiff fails to allege any other facts to support the idea that the actions taken by Black Knight in this matter were "traditionally the exclusive prerogative of the State." Black Knight did not run, own, or operate the shelter service in this case and Plaintiff does not allege that it did. And operating a homeless shelter is not traditionally and exclusively a government function. Further, based upon the Poverello's briefing on its Motion to Dismiss (Doc. 34), the Poverello is a private, non-profit corporation that has independently operated in Missoula for over 50 years and is not run by the government. Plaintiff fails this test.

2. **The State Compulsion Test**

Under the "governmental coercion or compulsion" test, the court considers "whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." *Kirtley*, 326 F.3d at 1094 (quoting *Sutton*, 192 F.3d at 826, 836-37). Plaintiff makes no allegations in his Complaint regarding the government and Black Knight, let alone that the government has somehow coerced Black Knight or influenced Black Knight in any

way into doing anything.  Plaintiff fails to point to any local government regulation or custom having the force of law that compelled or coerced Black Knight to do any action in this case.  Plaintiff fails this test.

### 3. The Nexus and Joint Action Test

Due to the similarity between these two tests, courts have treated the joint action and nexus tests in one analysis. *See, e.g., Jensen v. Lane Cnty.*, 222 F.3d 750 (9th Cir. 2000). "[T]he nexus test asks whether there is [] such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Kirtley,* 326 F.3d 1088, 1094-1095 (9th Cir. 2003). In evaluating this test, the Ninth Circuit has considered factors such as whether state institutions or officials control organizational decision making, whether state institutions generate a significant amount of the organization's funds, and whether an organization is primarily made up of state institutions. *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008).  Similarly, "joint action exists when the state has so far insinuated itself into a position of interdependence with [the private entity] that it must be recognized as a joint participant in the challenged activity." *Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1140 (9th Cir. 2012).

Plaintiff has failed to allege any similar links between the government and Black Knight.  Even if he had, that alone would not be adequate to satisfy the Nexus Test.  Plaintiff has also failed to allege any facts of interdependence between Black

Knight and the government. Although Black Knight and the City may have a contractual arrangement, that alone is inadequate to reach the threshold of the Joint Action or Nexus Tests. Plaintiff's claims against Black Knight fail as a matter of law.

### 4. All Other Claims Asserted by Plaintiff Fail

Plaintiff appears to have asserted other claims such as *Monell* (Municipal) liability and injunctive relief. These claims also fail and must be dismissed for the reasons stated above and as outlined in the City of Missoula's brief on its Motion to Dismiss (Doc. 18). Further, the only real allegation against Black Knight in the Complaint is that Black Knight asked Plaintiff if it could search his locker and he refused so Black Knight left. Black Knight is not even the party to have allegedly searched his locker – even Plaintiff admits in his Complaint that Black Knight left after he told them they could not conduct a search. The allegations against Black Knight fail for the reasons stated above and also because factually they do not state a claim upon which relief can be granted because the only allegation is that Black Knight walked away after Plaintiff refused to allow Black Knight to search his locker. There is nothing in the Complaint that would suggest Black Knight has in any way caused harm to Plaintiff such that a claim upon which relief can be given has been stated.

///

## V.	CONCLUSION

In light of the above, Plaintiff has failed to allege any facts that meet the exceptional circumstances tests that would transform Black Knight into a "state actor." His claims all fail since he has only asserted constitutional claims against Black Knight, a private company. Black Knight respectfully requests this Court dismiss all claims against it pursuant to Fed.R.Civ.P. 12(c).

DATED this 23rd day of February, 2026

                                  STACEY & FUNYAK

                        By:  /s/Morgan M. Sorena
                               Calvin J. Stacey
                               Morgan M. Sorena
                               Attorneys for Defendant

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this DEFENDANT'S BRIEF IN SUPPORT OF JUDGMENT ON THE PLEADINGS is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced; and the word count, calculated by Microsoft Office Word 2010, is 2,143 words long, excluding Caption, Certificate of Service and Certificate of Compliance.

STACEY & FUNYAK

By: /s/Morgan M. Sorena
    Calvin J. Stacey
    Morgan M. Sorena
    Attorneys for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February, 2026, a copy of the foregoing ***Defendant's Brief in Support of Motion for Judgment on the Pleadings*** was served upon the following counsel of record as indicated:

Tracey Neighbor Johnson
Natasha Prinzing Jones
Karston E. Erickson
Boone Karlberg, P.C.
PO Box 9199
Missoula, MT 59807-9199
*Service via CM/ECF*
tnjohnson@boonekarlberg.com
npjones@boonekarlberg.com
kerickson@boonekarlberg.com

Shawn S. McKenzie
General Delivery
Missoula, MT 59892
Ssm59856@gmail.com
Pro Se
*Service via U.S. Mail*

Brian John West
Missoula County Attorney's Office
200 West Broadway St.
Missoula, MT 59802
*Service via CM/ECF*
sbwest@missoulacounty.us
drandall@missoulacounty.us

Isaac M. Kantor
KANTOR LAW, PLLC
323 West Pine Street
Missoula, MT 59802
*Service via CM/ECF*
isaac@kantorlawmt.com

Katelyn J. Hepburn
HEPBURN LAW, PLLC
P.O. Box 7215
Missoula, MT 59807
*Service via CM/ECF*
katelyn@hepburnlawmt.com

                                       By: /s/ Morgan M. Sorena_____

**STATE OF MONTANA**
*SECRETARY OF STATE*
2025 ANNUAL REPORT

STATE OF MONTANA
-FILED-
SECRETARY OF STATE
File Number: 16449497
Date Filed: 1/22/2025 9:30:10 AM

| Business Type | |
|---|---|
| Business Type | Domestic Limited Liability Company |
| Business Sub-Type | Limited Liability Company |

| Business Name | |
|---|---|
| Annual Report Year | 2025 |
| Name of Business Entity | BLACK KNIGHT SECURITY AND INVESTIGATIONS LLC |
| Montana File Number | C200650 |
| Country of Organization | United States |
| State of Organization | Montana |
| Business Purpose | NONE STATED |

| Business Mailing Address of Principal Office | |
|---|---|
| Address | PO BOX 1056<br>MISSOULA, MT 59806 |

| Business Physical Address of Principal Office | |
|---|---|
| Address | 2200 S. GRANT ST.<br>MISSOULA, MT 59801 |

| The registered agent on record is: | |
|---|---|
| Registered Agent | WADE D HERBERT<br>Non-Commercial Registered Agent |
| | Agent Number |
| | RA00134254 |
| | Email Address |
| | Website |
| | Physical Address |
| | 2200 GRANT<br>MISSOULA, MT 59806 |
| | Mailing Address |
| | PO BOX 1056<br>MISSOULA, MT 59806 |

| LLC Management | |
|---|---|
| LLC Managed By | Managers |

Managers

| Name Of Individual Or Business Entity | Business Mailing Address | Email Address | Active Registered Entity |
|---|---|---|---|
| WADE D HERBERT | 2200 GRANT<br>MISSOULA, MT 59806 | | |

**Declarations**

☒ I confirm I have reviewed the information set forth in this Annual Report and that all information is correct and factual.

☒ I have been authorized by the business entity to file this document online.

☒ I, HEREBY SWEAR AND/OR AFFIRM, under penalty of law, including criminal prosecution, that the facts contained in this document are true. I certify that I am signing this document as the person(s) whose signature is required, or as an agent of the person(s) whose signature is required, who has authorized me to place his/her signature on this document.

Signature

**EXHIBIT A**

Page 1 of 2

B1371-4762 01/22/2025 9:30 AM Received by MT Secretary of State Christi Jacobsen

| Signer's Capacity | Sign Here | Date |
|---|---|---|
| *Self* | *Nicole Hill* | *01/22/2025* |
| Position | Authorized Agent | |
| Daytime Contact Phone Number | (406) 880-8553 | |
| Email | nikki@blackknightmt.com | |

B1371-4763 01/22/2025 9:30 AM Received by MT Secretary of State Christi Jacobsen