IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHAWN S. MCKENZIE, | CV 25-97-M-KLD |
| Plaintiff, | |
| vs. | ORDER |
| POVERELLO CENTER, INC., BLACK KNIGHT SECURITY & INVESTIGATIONS, LLC, CITY OF MISSOULA, MISSOULA COUNTY, MISSOULA COUNTY COMMISSIONERS, MISSOULA CITY COUNCIL, ANDREA DAVIS, JILL BONNY, JOHN DOES 1-4; and JANE DOES 1-10, | |
| Defendants. | |

Plaintiff Shawn McKenzie, who is proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 alleging federal constitutional claims and pendent state constitutional claims arising out of the enforcement of a no firearms policy at a homeless shelter located in Missoula. All of the above-named Defendants have filed Rule 12 motions to dismiss or for judgment on the pleadings. (Docs. 10, 17, 19, 33, 71). The motions to dismiss and for judgment on the pleadings are fully briefed and ready for ruling.

On June 12, 2026, Plaintiff Shawn McKenzie filed four motions: (1) Motion for Appointment of Counsel (Doc. 92); (2) Motion to Stay Proceedings Pending

1

Resolution of Motion for Appointment of Counsel (Doc. 93); Motion for Limited, Expedited Pre-Dismissal Discovery (Doc. 94); and (4) Motion to Compel Production of Public Records (Doc. 95).

McKenzie seeks appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). (Doc. 92). "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In limited circumstances, the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). To warrant appointment of counsel under § 1915(e)(1), there must be a showing of "exceptional circumstances," which "requires an evaluation of both the likelihood of success on the merits and the ability of the [litigant] to articulate his claims pro se in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations omitted).

McKenzie argues the issues in this case are "exceptionally complex," his claims "possess demonstrable merit," and "the requirements of managing the current dispositive landscape, discovery, and potential class certification exceed the practical abilities of a pro se litigant." (Doc. 92 at 3). McKenzie has thus far demonstrated that he is more than capable of understanding the legal issues and articulating his claims and arguments in the many briefs and other filings he has submitted to the Court. McKenzie has not shown the necessary combination of probable success on the merits and inability to articulate his claims in light of the

legal issues involved. The Court finds that McKenzie has not demonstrated exceptional circumstances warranting appointment of counsel. McKenzie's motion for appointment of counsel and motion to stay proceedings pending resolution of the motion for appointment of counsel will be denied.

McKenzie has also filed a motion for an order permitting limited, expedited discovery from the City of Missoula prior to resolution of the City's motion to dismiss (Doc. 94) and a motion to compel the production of public records (Doc. 95). McKenzie contends the discovery and public records sought are essential to his ability to defend against the City's motion to dismiss. (Doc. 94 at 2). The City's motion to dismiss is already fully briefed, as are the motions to dismiss and for judgment on the pleadings filed by the other Defendants. Given the applicable legal standard, the briefing and current record are sufficient for the Court to rule on the Defendants' pending Rule 12 motions to dismiss and for judgment on the pleadings. McKenzie's motions for limited discovery and to compel will be denied.

In addition to the four motions filed on June 12, 2026, McKenzie has previously filed a Motion to Strike Affirmative Defenses (Doc. 54), a Motion for Partial Summary Judgment (Doc. 56), and a Motion for Leave to File Amended Complaint (Doc. 73). McKenzie has made numerous additional filings in the case, including but not limited to a Motion for Partial Summary Judgment (Doc. 56), Request for Judicial Notice (Doc. 59), Memorandum Preempting Defendants'

Anticipated Argument Regarding State-Actor Status (Doc. 60), and an Omnibus Notice of Filing Supplemental Evidence and Authorities (Doc. 86). Many of McKenzie's filings are the subject of a pending motion to strike (Doc. 87), and the time for Defendants to respond to several of McKenzie's filings has been stayed pending resolution of the motions to dismiss and for judgment on the pleadings. (Docs. 69, 70).

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The "power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. In determining whether to impose a stay, the court consider must weigh a number of competing interests, including: "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay." *Tate v. Nakashyan,* 2025 WL 90063, at *1 (E.D. Cal. Jan. 14, 2025) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The Court finds that a temporary stay of these proceedings pending

4

resolution of Defendants' motions to dismiss and for judgment on the pleadings, and McKenzie's motion for leave to file an Amended Complaint, is warranted. A temporary stay will not cause any unnecessary delay, will not result in any hardship or inequity, and will promote judicial economy by limiting the filing of additional motions, briefs, and other materials so that the Court can address the many motions that are already pending. Accordingly,

IT IS ORDERED that McKenzie's Motion for Appointment of Counsel (Doc. 92); (2) Motion to Stay Proceedings Pending Resolution of Motion for Appointment of Counsel (Doc. 93); Motion for Limited, Expedited Pre-Dismissal Discovery (Doc. 94); and (4) Motion to Compel Production of Public Records (Doc. 95) are DENIED.

IT IS FURTHER ORDERED that this action is STAYED pending the Court's ruling on the motions currently pending on the docket. The parties shall not file any additional motions, briefing, or other materials until this stay is lifted.

DATED this 17th day of June, 2026.

_____
Kathleen L. DeSoto
United States Magistrate Judge