IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHAWN S. MCKENZIE,<br><br>Plaintiff,<br><br>vs.<br><br>POVERELLO CENTER, INC., BLACK KNIGHT SECURITY & INVESTIGATIONS, LLC, and CITY OF MISSOULA,<br><br>Defendants. | CV 25-97-M-KLD<br><br>ORDER |

On July 13, 2026, the Court issued an Order on several pending motions and giving Plaintiff Shawn McKenzie, who is proceeding pro se, until August 10, 2026, to file an Amended Complaint that complies with the limitations and directions set forth in the Court's Order. (Doc. 97). The Court expressly cautioned McKenzie that if he failed to file an Amended Complaint on or before August 10, 2026, this case would be dismissed. (Doc. 97 at 54). As of the date of this Order, McKenzie has not filed an Amended Complaint and has not requested an extension of time to do so.

Under Federal Rule of Civil Procedure 41(b), the Court has the authority to dismiss an action for failure to comply with a court order. *Fendler v. Westgate–California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975). Before dismissing an action

as a sanction for failure to comply with a court order, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir.2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir.1992)).

The first two factors relate "to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). McKenzie has not complied the Court's order requiring him to file an Amended Complaint. McKenzie's failure to take the steps necessary to proceed with this action has impeded the efficient administration of judicial business. The first two factors thus weigh in favor of dismissal.

The third factor requires the Court to consider the risk of prejudice to the defendants. "Unreasonable delay creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Seven weeks have passed since the Court ruled on the several pending motions and granted McKenzie leave to amend, during which time this case has been without an operative pleading. McKenzie has provided no explanation for his failure to file an Amended

Complaint by the Court-ordered deadline, and this ongoing delay gives rise to a presumption of prejudice. *See, Henderson*, 779 F.2d at 1423; *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir.2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal."). This factor weighs in favor of dismissal.

The Court has considered less drastic alternatives such as "allowing additional time." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir.1981). By waiting until today, August 25, 2026, to issue this order, the Court has effectively given McKenzie a two-week extension of the August 10, 2026, deadline for him to amend his complaint. Because McKenzie still has not complied with the Court's order, this case cannot proceed. The Court is not required to exhaust all less drastic alternatives prior to dismissal. *Nevijel*, 651 F.2d at 674. Having considered less drastic alternatives, the Court finds the fourth factor weighs in favor of dismissal.

The fifth factor addressing the public policy favoring disposition of cases on the merits by definition weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. This factor is outweighed by the factors discussed above, however, which weigh in favor of dismissing this matter based on McKenzie's failure to file an Amended Complaint in compliance with the Court's order.

For the reasons outlined above,

IT IS ORDERED that this case is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders. The Clerk of Court is directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 25th day of August, 2026.

Kathleen L. DeSoto
United States Magistrate Judge